UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES<br>*Plaintiff*,<br><br>v.<br><br>DEVONI MILLER,<br>*Defendant*. | No. 3:24-cr-0237 (VAB) |

**ORDER FOR SUMMARY REMAND**

Devoni Miller ("Defendant") has filed a notice of removal, seeking to remove to federal court her prosecution in Connecticut criminal case MMX-CR23-0246981-T and related motor vehicle case MMX-MV23-0487981-T.

Ms. Miller has also filed a motion for pre-trial release and a motion for dismissal of the charges against her.

For the following reasons, this case is summarily **REMANDED** to Connecticut state court.

The motion for pre-trial release and the motion for dismissal of charges are **DENIED** without prejudice to refiling in state court.

**I.    BACKGROUND**

On December 30, 2024, Ms. Miller filled a notice of removal seeking to remove the related cases MMX-CR23-0246981-T and MMX-MV23-0487981-T from the Connecticut Superior Court to this Court. Notice of Removal, ECF No. 1 (Dec. 30, 20214) ("Notice of Removal"). [1]

---

[1] The Court takes judicial notice of the state criminal docket, which is publicly available at https://www.jud2.ct.gov/crdockets/DocketNoEntry.aspx?source=Pend. *See Connecticut v. Hull*, No. 3:17-R-00001 (VLB), 2018 WL 460977, at *1 n.1 (D. Conn. Jan. 17, 2018) ("The Court takes judicial notice that the docket is publicly available."). The cases involve Ms. Miller's prosecution for murder in violation of Conn. Gen. Stat. § 53a-

1

On January 14, 2025, Ms. Miller filed a motion for pre-trial release. Mot. for Release, ECF No. 3 (Jan. 14, 2025).

On January 14, 2025, Ms. Miller filed a motion for dismissal of charges. Mot. for Dismissal, ECF No. 4 (Jan. 14, 2025).

On January 16, 2025, the Government filed a response to the notice of removal. Response/Reply by USA, ECF No. 5 (Jan. 16, 2025) ("Response").

## II.   STANDARD OF REVIEW

State criminal proceedings can only be removed to federal court in "narrow circumstances." *Connecticut v. Marshall*, No. 3:15-cr-0003, 2015 WL 4723015, at *1 (D. Conn. Aug. 10, 2015). Under 28 U.S.C. § 1443, a state prosecution can be removed when the defendant "is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or all persons within the jurisdiction thereof." 28 U.S.C. § 1443(1). "To satisfy this standard, a defendant must demonstrate (1) he has a civil right explicitly set forth by federal statute protecting racial equality; and (2) he cannot protect these rights in State court." *Connecticut v. Hull*, No. 3:17-cr-001 (VLB), 2018 WL 460977, at *1 (D. Conn. Jan. 17, 2018) (citing *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975)).

As to the first prong, "[c]laims that prosecution and conviction will violate rights under constitutional and statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice." *Johnson*, 421 U.S. at 219. For the second prong, a defendant must show that he cannot enforce his rights in state court due to a "formal expression of state law." *Id.* (quoting *Georgia v. Rachel*, 348 U.S. 780, 803 (1966)). "It is not enough to

---

54a, reckless endangerment in violation of Conn. Gen. Stat. § 53a-63, interfering with an emergency call in violation of Conn. Gen. Stat. § 53a-183b, risk of injury to child in violation of Conn. Gen. Stat. § 53-21, reckless driving in violation of Conn. Gen Stat. § 14-222, and evading responsibility in violation of Conn. Gen. Stat. § 14-225.

2

support removal under s 1443(1) to allege or show that the defendant's federal equal civil rights have been illegally and corruptly denied by state administrative officials in advance of trial, that the charges against the defendant are false, or that the defendant is unable to obtain a fair trial in a particular state court." *City of Greenwood v. Peacock*, 384 U.S. 808, 827 (1966).

When a notice of removal under these grounds is filed, a district court must examine the notice to determine whether removal is proper. 28 U.S.C. § 1455 (b)(4). "If it clearly appears on the face of the notice and any exhibits annexed thereto that removal shall not be permitted, the court shall make an order for summary remand." *Id.*

### III.   DISCUSSION

#### A.  Removal Under Section 1443(1) [2]

Ms. Miller argues that removal is appropriate because she is facing bias due to her identity as a "25 year old, single, Black women [sic]." Notice of Removal at 2. Ms. Miller alleges that her Fourteenth Amendment, Eighth Amendment, and First Amendment rights have been or will be violated through her criminal prosecution. *Id.* at 2–3.

The Government argues that Ms. Brown's allegations are conclusory, and that she does not allege that she cannot enforce any equal protection right in state court due to a "formal expression of state law." Response at 2–3.

The Court agrees.

To the extent that Ms. Miller alleges her rights under the Eight Amendment and First Amendment are threatened by the state prosecution, these constitutional provisions are not

---

[2] Criminal proceedings can also be removed to state Court when federal agencies or officers are prosecuted for official actions, *see* 28 U.S.C. § 1442, or when members of the armed forces are prosecuted for actions taken under color of his or her official status, *see* 28 U.S.C. § 1442a. Ms. Miller does not allege that she is a federal official or member of the armed forces, or that her requested removal is based on either of these two removal provisions. Accordingly, removal is not appropriate under either of these statutes.

3

"law[s] providing for the equal civil rights of citizens of the United States," 28 U.S.C. §1443(1), because they do not specifically involve racial equality. *See Rachel*, 384 U.S. at 792 ("Thus, the defendants' broad contentions under the First Amendment and the Due Process Clause of the Fourteenth Amendment cannot support a valid claim for removal under s 1443, because the guarantees of those clauses are phrased in terms of general application available to all persons or citizens, rather than in the specific language of racial equality that s 1443 demands.").

A claim of racial discrimination in violation of the equal protection clause of the Fourteenth Amendment could constitute grounds for removal under Section 1443(1). *See Chestnut v. People of the State of N.Y.*, 370 F.2d 1, 3–4 (2d Cir. 1966) ("Although the [Supreme] Court does not seem to have decided whether a denial of rights protected by the equal protection clause of the constitution meets the second requirement for removal under § 1443(1), its language in *Rachel* would seem to support the view expressed in *Peacock v. City of Greenwood, Miss.*, 347 F.2d 679 (5th Cir. 1965), *rev'd on other grounds*, 374 U.S. 808, (1966), that 'not every violation of the equal protection clause will justify removal, but only those violations involving discrimination based on race.' . . . This is in harmony with the purpose of the removal section, as revealed by its history— to protect those rights defined in terms of racial equality."). But, even assuming that Ms. Miller has satisfied the first prong of the Section 1443(1) removal test in this manner, she has failed to satisfy the second.

Ms. Miller has not demonstrated that she cannot advance her equal protection rights in state court or that any alleged denial of these rights is "manifest in the formal expression of state law." *Johnson,* 421 U.S. at 219. She points to no specific instances in which her rights have been violated, provides no state laws that would deny her rights, and makes only vague allegations of "multiple procedural failures" and "illicit procedural violation." Notice of Removal at 1, 4. These

claims are insufficient to show that Ms. Miller "is denied or cannot enforce the specified federal rights in the courts of the state." *Johnson,* 421 U.S. at 219 (cleaned up); *see, e.g.*, *State of Connecticut v. Ingram*, 300 F. Supp. 1153, 1156 (D. Conn. 1969) ("Petitioners are unable to point to any Connecticut statute denying or abrogating their rights or to any 'equivalent basis' assuring this Court that their rights will not be respected by the state courts."); *Bankhead v. New York*, No. 13-CV-3377 NGG LB, 2013 WL 6145776, at *3 (E.D.N.Y. Nov. 21, 2013) ("The state has issued no 'formal expression' of New York law—such as a 'state legislative or constitutional provision'—that infringes on Plaintiff's civil rights to indicate that a state court would be incapable of enforcing those federal rights as required by 28 U.S.C. § 1443(1)." (citations omitted)).

Accordingly, Ms. Miller has failed to allege a proper basis for removal and this case will be summarily remanded to Connecticut state court.

### B. Motions for Dismissal and Pre-trial Release

Having found that removal is improper, this Court lacks subject matter jurisdiction to decide Ms. Miller's motions for dismissal of charges and pre-trial release. *See New York v. Smith*, 494 Fed. Appx. 138, 139 (2d Cir. 2012) ("In the absence of §1443(1), the district court could not exercise subject matter jurisdiction over a state criminal prosecution.").

Accordingly, the motion for dismissal of charges and the motion for pre-trial release are dismissed without prejudice to refiling in state court.

### IV. CONCLUSION

For the reasons explained above, this case is summarily **REMANDED** to Connecticut state court.

The motion for pre-trial release and the motion for dismissal of charges are **DENIED** without prejudice to refiling in state court.

**SO ORDERED** at New Haven, Connecticut, this 4th day of April, 2025.

                                                      /s/ Victor A. Bolden
                                                     Victor A. Bolden
                                                     United States District Judge